**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **AMY KOJA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-CV-2960** |
| | ) | |
| **STELLAR RECOVERY, INC.,** | ) | |
| | ) | |
| **Defendant,** | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF DEFENDANT STELLAR RECOVERY, INC.**

COMES NOW Defendant Stellar Recovery, Inc., (hereinafter "Stellar") by and through its undersigned counsel, and for its Answer to Plaintiff's Complaint states the following:

**INTRODUCTION**

1.      Stellar acknowledges that Count I alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), but denies that Plaintiff is entitled to any relief requested herein.

2.      Stellar acknowledges that Count II alleges violations of the Texas Finance Code ("TFC"), but denies that Plaintiff is entitled to any relief requested herein.

3.      Stellar acknowledges that Count III alleges violations of the Telephone Consumer Protection Act ("TCPA"), but denies that Plaintiff is entitled to any relief requested herein.

**JURISDICTION AND VENUE**

4.      Stellar admits that jurisdiction is proper in this court, as alleged in Paragraph 4 of Plaintiff's Complaint, but denies that Plaintiff is entitled to any relief requested herein.

5.      Stellar admits that this Court has personal jurisdiction over Stellar, as alleged in Paragraph 5 of Plaintiff's Complaint, but denies that Plaintiff is entitled to any relief requested herein.

6.      Stellar admits that venue is proper, as alleged in Paragraph 6 of Plaintiff's Complaint, but denies that Plaintiff is entitled to any relief requested herein.

## PARTIES

7.      Stellar lacks sufficient information to admit or deny the allegations in Paragraph 7 of Plaintiff's Complaint.

8.      Paragraph 8 of Plaintiff's Complaint states a legal conclusion to which no response is warranted.  To the extent that any response is deemed necessary, Stellar lacks sufficient information to admit or deny the allegations in Paragraph 8 of Plaintiff's Complaint and leaves Plaintiff to her proof.

9.      Paragraph 9 of Plaintiff's Complaint states a legal conclusion to which no response is warranted.  To the extent that any response is deemed necessary, Stellar lacks sufficient information to admit or deny the allegations in Paragraph 9 of Plaintiff's Complaint and leaves Plaintiff to her proof.

10.     Stellar admits the allegations in Paragraph 10 of Plaintiff's Complaint.

11.     Paragraph 11 of Plaintiff's Complaint states a legal conclusion to which no response is warranted.  To the extent that any response is deemed necessary, Stellar lacks sufficient information to admit or deny the allegations in Paragraph 11 of Plaintiff's Complaint and leaves Plaintiff to her proof.

12.     Stellar lacks sufficient information to admit or deny the allegations in Paragraph 12 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

13.     Stellar lacks sufficient information to admit or deny the allegations in Paragraph 13 of Plaintiff's Complaint.

14.     Stellar admits that it dialed the phone number that Plaintiff alleges she obtained in June 2014, seeking a third party regarding an outstanding balance.  Stellar admits that 888-613-0238 is its phone number.  Stellar lacks sufficient information to admit or deny the remaining allegations in Paragraph 14 of Plaintiff's Complaint.

15.     Stellar lacks sufficient information to admit or deny the allegations in Paragraph 15 of Plaintiff's Complaint.

16.     Stellar denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17.     Stellar admits that the three phone numbers listed in Paragraph 17 are assigned to it.  Stellar lacks sufficient information to admit or deny the remaining allegations in Paragraph 17 of Plaintiff's Complaint.

18.     Stellar lacks sufficient information to admit or deny the allegations in Paragraph 18 of Plaintiff's Complaint at this time.

19.     Stellar admits that at least once a week it called the phone number that Plaintiff's alleges she obtained in June 2014.  Stellar lacks sufficient information to admit or deny the remaining allegations in Paragraph 19 of Plaintiff's Complaint.

20.     Stellar admits that it made the calls listed in sub-paragraphs 1, 3, 4, and 6.  Stellar denies the remaining allegations in Paragraph 20, including sub-paragraphs 2 and 5, of Plaintiff's Complaint.

21.     Stellar denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22.     Stellar admits that it made the calls listed in sub-paragraphs 6, 8, and 9.  Stellar denies the remaining allegations in Paragraph 22, including sub-paragraphs 1, 2, 3, 4, 5, and 7, of Plaintiff's Complaint.

23.     Stellar lacks sufficient information to admit or deny the allegations in Paragraph 23 of Plaintiff's Complaint.

## RESPONSE TO COUNT I – ALLEGED VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

Stellar reincorporates and re-alleges its responses in Paragraphs 1 through 23 above, as if fully set forth herein.

24.     Paragraph 24, including sub-paragraphs a, b, and c, of Plaintiff's Complaint states a legal conclusion to which no response is warranted.  To the extent any response is deemed necessary, Stellar denies the allegations in Paragraph 24, including sub-paragraphs a, b, and c, of Plaintiff's Complaint.

25.     Stellar denies that Plaintiff is entitled to the relief requested in Paragraph 25 of Plaintiff's Complaint.

26.     Stellar denies that Plaintiff is entitled to the relief requested in Paragraph 26 of Plaintiff's Complaint.

27.     Stellar denies that Plaintiff is entitled to the relief requested in Paragraph 27 of Plaintiff's Complaint.

## RESPONSE TO COUNT II – ALLEGED VIOLATIONS OF THE TEXAS FINANCE CODE

Stellar reincorporates and re-alleges its responses in Paragraphs 1 through 27 above, as if fully set forth herein.

28.     Paragraph 28, including sub-paragraph a, of Plaintiff's Complaint states a legal conclusion to which no response is warranted.  To the extent any response is deemed necessary, Stellar denies the allegations in Paragraph 28, including sub-paragraph a, of Plaintiff's Complaint.

29.     Stellar denies that Plaintiff is entitled to the relief requested in Paragraph 29 of Plaintiff's Complaint.

30.     Stellar denies that Plaintiff is entitled to the relief requested in Paragraph 30 of Plaintiff's Complaint.

31.     Stellar denies that Plaintiff is entitled to the relief requested in Paragraph 31 of Plaintiff's Complaint.

## RESPONSE TO COUNT III – ALLEGED VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

Stellar reincorporates and re-alleges its responses in Paragraphs 1 through 31 above, as if fully set forth herein.

32.     Paragraph 32 of Plaintiff's Complaint states a legal conclusion to which no response is warranted.  To the extent any response is deemed necessary, Stellar denies the allegations in Paragraph 32 of Plaintiff's Complaint.

33.     Paragraph 33 of Plaintiff's Complaint states a legal conclusion to which no response is warranted.  To the extent any response is deemed necessary, Stellar denies the allegations in Paragraph 33 of Plaintiff's Complaint.

34.     Stellar denies that Plaintiff is entitled to the relief requested in Paragraph 34 of Plaintiff's Complaint.

35.     Stellar denies that Plaintiff is entitled to the relief requested in Paragraph 35 of Plaintiff's Complaint.

36.     Stellar denies that Plaintiff is entitled to the relief requested in Paragraph 36 of Plaintiff's Complaint.

37.     Stellar denies that Plaintiff is entitled to the relief requested in Paragraph 37 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred by estoppel and failure to mitigate damages, as she could have informed Stellar sooner that it had the wrong phone number.

3.      Stellar maintains thorough policies and procedures to comply with all consumer protection statutes and provides training in those procedures for all employees who participate in collection communications.  Any collection communication, which may have allegedly violated the FDCPA, TFC, or TCPA, are subject to a *bona fide error* defense.

4.      No calls to Plaintiff were placed by an autodialer.

5.      Stellar had prior express consent to dial the phone number that Plaintiff claims she obtained in June 2014 and, therefore, if the TCPA applies then her claims are barred.

6.      Plaintiff failed to mitigate damages, if any.

7.      Stellar reserves the right to assert any other affirmative defenses as revealed within the discovery process.

WHEREFORE, Stellar prays that Plaintiff's Complaint be dismissed with prejudice, for its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

[FULL SIGNATURE BLOCK ON NEXT PAGE]

Respectfully submitted,

**Robbie Malone, PLLC**

/s/ Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@rmalonelaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@rmalonelaw.com
ROBBIE MALONE, P.L.L.C.
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas   75231
TEL: (214) 346-2630
FAX: (214) 346-2631
*COUNSEL FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of November, 2014, I electronically filed the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

Ryan Lee rlee@consumerlawcenter.com
Krohn & Moss, Ltd.
10474 Santa Monica Blvd, Suite 405
Los Angeles, CA 90025
323.988.2400 x241
Fax: 866.861.1390
and
Adam Hill  ahill@consumerlawcenter.com
Krohn & Moss, Ltd.
10 N. Dearborn St., 3rd Fl.
Chicago, IL 60602
312.575.9428 x242
Fax: 866.861.1390
*ATTORNEYS FOR PLAINTIFF*

/s/ Robbie Malone
ROBBIE MALONE